The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion on the following question:
 1. Does Amendment 7 to the Arkansas Constitution delegate to the Secretary of State the authority and responsibility to determine the sufficiency of signatures on state-wide initiative petitions, subject to review by the Arkansas Supreme Court upon original and exclusive jurisdiction?
 2. Does Amendment 7 to the Arkansas Constitution delegate to any party other than the Secretary of State the authority and responsibility to determine the sufficiency of signatures on state-wide initiative petitions, subject to review by the Arkansas Supreme Court upon original and exclusive jurisdiction?
 3. Would it be permissible under Amendment 7 for the Secretary of State, on his own or pursuant to a statutory authorization, to turn over to another party or parties, including county clerks, acting as independent contractors, the authority and responsibility to determine the sufficiency of signatures on state-wide initiative petitions? By independent contractor, I mean a party or parties who would perform the task of signature verification outside of the State Capitol and over whom the Secretary of State and his regularly paid staff would not exercise direct and personal supervisory and management control with respect to the signature verification?
Please note that I have enclosed a copy of Opinion Number 91-023, which was recently issued in response to several questions involving the determination under Amendment 7 of the sufficiency of signatures on state-wide petitions. The opinion discusses the Secretary of State's role in the sufficiency determination. I believe it is clear from that opinion that the answer to your first question is "yes", based upon Amendment 7's requirement that "[t]he sufficiency of all State-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such cause."
The answer to your second question is "no".
The answer to your third question is, in my opinion, also "no". It was concluded in Opinion 91-023 that the assistance of hired help in the review process would be in aid of Amendment 7 and thus permissible. This conclusion was premised, however, upon the presumption that the extra help would remain under the supervision and control of Secretary of State. Att'y Gen. Op. No. 91-023 at 4. The wholesale transfer of the signature verification process to someone outside the Secretary of State's office would, in my opinion, be contrary to Amendment 7. I believe that the enclosed Opinion fully discusses the basis for this conclusion.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
Enclosure